BLD-102                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3073
_____

ANDREW FULLMAN,
                    Appellant

v.

CITY OF PHILADELPHIA;
POLICE COMMISSIONER DANIELLE M. OUTLAW;
CHARLES KING, #9008; SGT. CUNNINGHAM;
MICHAEL GORMLEY; JOHN DOE; LAWRENCE SAMUEL KRASNER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-04282)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 16, 2024)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PER CURIAM

Pro se appellant Andrew Fullman appeals from the District Court's dismissal of his civil rights complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

## I.

Fullman set out the following allegations in his amended complaint. On April 4, 2022, a woman allegedly pointed her licensed firearm at Fullman to threaten and intimidate him. Fullman reported this incident to the Philadelphia Police Department, but despite his many efforts to follow up with the investigation, either the Philadelphia Police Department did not pursue an arrest, or the Philadelphia District Attorney's Office declined to prosecute the case. Fullman alleged that his gun-pointing complaint would have been properly investigated and prosecuted, and his assailant would have had her gun seized and her permit revoked, if Fullman had not been black, had a criminal record, and "had a history with the Defendants."[1] Additionally, Fullman alleged that Defendant Krasner blocks the prosecutions of gun cases in which the victims are black and have criminal records, and the suspects are women without criminal records. However, Fullman did not cite any examples of other criminal complaints.

Fullman additionally asserted that the defendants collectively retaliated against him after he engaged in constitutionally protected activity. Fullman generally alleged that

---

[1] Fullman's "history with the Defendants" at least includes Fullman's "prior and pending complaints, lawsuits, and . . . continuous fight to get justice for his nephew/roommate," who was murdered in 2014. See Am. Compl. ¶¶ 40, 42, ECF No. 43.

the protected activity included his reports of the gun-pointing crime and other possible criminal and discriminatory conduct. However, the amended complaint specified only two interactions with the defendants that occurred after the gun-pointing complaint and were not part of Fullman's efforts to pursue the gun complaint: First, on April 10, 2022, Fullman called police to report that a car was illegally parked near his residence in a parking spot reserved for people with disabilities. A police officer later removed a parking citation from the illegally parked car and placed it on Fullman's car, which was lawfully parked in a nearby accessible parking spot. This caused the illegally parked car to receive two parking citations. Second, Fullman filed an ultimately successful petition in December 2022 to expunge a criminal record that had been pardoned by the Governor of Pennsylvania. The Philadelphia District Attorney's Office opposed the petition, claiming that the paperwork was incomplete. Fullman claimed that this opposition occurred in retaliation against his efforts to pursue a private criminal prosecution of the gun-pointing incident.

The District Court permitted Fullman to amend his complaint once. See Order dated June 20, 2023, ECF No. 42. Fullman attempted to amend his complaint again, but the District Court denied that motion. See Mot. to File Substitute Compl., ECF No. 47; Order dated July 28, 2023, ECF No. 54. The case was reassigned to a different jurist, who granted the defendants' motions to dismiss the amended complaint and dismissed Fullman's claims with prejudice. Fullman timely appealed.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). Accordingly, we may affirm the District Court's judgment on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

III.

We agree with the District Court that Fullman's amended complaint does not state a plausible constitutional claim. Fullman's primary concern appears to be the appellees' failure to adequately investigate or prosecute Fullman's report of the gun-pointing incident, but that inaction did not violate Fullman's Fourteenth Amendment rights to due process or equal protection. A victim of a private act of violence generally has no due process right to police protection or enforcement of state laws, with some narrow exceptions that do not apply here. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005); Burella v. City of Philadelphia, 501 F.3d 134, 146 (3d Cir. 2007).[2]

---

[2] We have recognized two situations in which state actors may have an affirmative obligation to protect private citizens from harm. See Morrow v. Balaski, 719 F.3d 160, 167 (3d Cir. 2013) (concerning a person who shares a special relationship with a state agency); Johnson v. City of Philadelphia, 975 F.3d 394, 400 (3d Cir. 2020) (concerning a person who is subjected to an increased risk of harm by private citizens because of a

Additionally, a private citizen has no "judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Of course, law enforcement officers and prosecutors cannot exercise their considerable discretion in investigating or prosecuting criminal complaints in a discriminatory manner. See Burella, 501 F.3d at 148-49 (outlining circumstances in which a victim of domestic violence might assert a gender-based equal protection claim based on police officers' failure to enforce a restraining order); United States v. Armstrong, 517 U.S. 456, 465 (1996) (emphasizing that ordinary equal protection standards apply to selective prosecution claims). A plaintiff adequately pleads an equal protection claim by offering more than conclusory assertions and alleging that he was treated differently from other similarly situated individuals. See Children's Health Def., Inc. v. Rutgers, State Univ. of N.J., 93 F.4th 66, 84-85 (3d Cir. 2024). Here, the District Court correctly concluded that Fullman has offered only conclusory allegations that police failed to adequately investigate and District Attorney Krasner refused to prosecute his criminal complaint because Fullman is black, has a criminal record, and has a history with local law enforcement. Additionally, Fullman has failed to identify any similarly situated individuals who were treated differently; he compares himself only to his assailant, and he does not allege that his assailant reported a crime.

Fullman also failed to articulate a constitutional retaliation claim. We will liberally construe Fullman's retaliation claim as a claim that law enforcement officials have

state-created danger). Here, Fullman has not alleged anything suggesting that either situation could apply.

retaliated against his exercise of his First Amendment rights. "To plead retaliation for the exercise of First Amendment rights, a plaintiff must allege (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017) (internal quotations and citation omitted). A plaintiff successfully pleads causation by pleading that his protected conduct was a "substantial or motivating factor" that caused the retaliatory action. See Conard v. Pa. State Police, 902 F.3d 178, 184 (3d Cir. 2018) (quoting Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016)). Here, Fullman asserts that the District Attorney's Office retaliated against his efforts to prosecute the gun-pointing complaint by opposing his expungement petition. Fullman has not alleged anything suggesting that the prosecutors who opposed his expungement petition were even aware of his original report of the gun-pointing incident or his efforts to push the District Attorney's Office to prosecute it. We note that Fullman reported the gun-pointing incident eight months before he filed his expungement petition, Fullman's last alleged communication to the District Attorney's Office about the gun-pointing incident occurred three months before he filed his expungement petition, and Fullman does not mention individual prosecutors or office employees that he spoke to about either case.[3]

---

[3] Additionally, it is unclear whether Fullman intended to allege that the parking-citation incident was an act of retaliation against his report of the gun-pointing incident. If he did, then that claim fails because the issuance of two parking citations against another driver was not a retaliatory action that could have deterred Fullman from exercising his constitutional rights to report suspected criminal activity or police misconduct.

Fullman's remaining claims fare no better. First, the District Court properly dismissed Fullman's Fifth Amendment claim, because the Fifth Amendment right to due process applies only to federal government action, and Fullman's amended complaint mentions only state or municipal government actors. See Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983). Second, the District Court correctly determined that the parking-citation incident did not violate Fullman's constitutional right to due process, because another driver's receipt of two parking tickets did not deprive Fullman of any life, liberty, or property interest. Finally, the District Court did not err by dismissing Fullman's claims against the City of Philadelphia, because municipal liability does not attach if there is no violation of a plaintiff's constitutional rights. See Johnson v. City of Philadelphia, 975 F.3d 394, 403 n.13 (3d Cir. 2020).

For these reasons, we will summarily affirm the District Court's decision to dismiss Fullman's amended complaint with prejudice.[4]

---

[4] The District Court's opinion refers to a "second amended complaint" and states that Fullman "has amended his complaint twice." See Mem. Op. 1, 11 n.9. That is incorrect, however, and the District Court mistakenly relied solely on that ground in dismissing Fullman's complaint with prejudice.

Regardless, it would have been futile to permit Fullman another opportunity to amend his claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The defendants' motions to dismiss informed Fullman of the key deficiencies in his complaint, and he failed to cure those deficiencies in his amended complaint or proposed "substitute" complaint. See Mots. to Dismiss, ECF Nos. 16, 17, & 22. None of Fullman's filings in this Court or the District Court suggest that he has additional information that could cure the defects in his amended complaint.